**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**BEEP, INC.,**

                        **Plaintiff,**

      **- against -**

**BENTELER TRADING INTERNATIONAL AG,**
**ET AL.,**

                     **Defendants.**

---

**25-cv-7626 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Beep, Inc. ("Beep"), filed this action against the defendants, Benteler Trading International AG ("BTI") and CAB Holding GmbH ("CAB") on September 15, 2025. CAB moves pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss Beep's complaint for improper service. Beep moves in the alternative to authorize alternative service nunc pro tunc pursuant to Federal Rule of Civil Procedure 4(f)(3). For the reasons that follow, CAB's motion is **denied**, and Beep's cross-motion is **granted**.

**I.**

Unless otherwise indicated, the following facts are taken from the complaint and are accepted as true for the purposes of deciding these motions.[1]

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Beep is a Delaware corporation that specializes in the deployment, operation, and management of autonomous vehicles. Complaint ("Compl.") ¶¶ 12-13, ECF No. 1. BTI is a stock corporation incorporated under the laws of Switzerland with its principal place of business in Zug, Switzerland. Id. ¶ 15. CAB is a limited liability company under the laws of Liechtenstein with its registered office located in Liechtenstein. Id. ¶ 17.

Beep and BTI executed an agreement (the "Alliance Agreement") pursuant to which Beep agreed to advance BTI $30 million to help BTI launch an autonomous vehicle program in the United States. Id. ¶ 3. Beep and CAB subsequently entered into a Guarantee Agreement (the "Guarantee"), whereby CAB agreed to guarantee BTI's obligation to repay the $30 million advance to Beep. Id. ¶ 5. Pursuant to the Guarantee, Beep and CAB consented to personal jurisdiction in the United States and agreed to service of process as follows:

> Each party hereby irrevocably waives personal service of any and all legal process, summons, notices and other documents and other service of process of any kind and consents to such service in any suit, action or proceeding brought in the United States with respect to or otherwise arising out of or in connection with this Agreement by any means permitted by applicable Laws, including by the mailing thereof (by registered or certified mail, postage prepaid) to the address of such party specified herein (and shall be effective when such mailing shall be effective , as provided therein).

2

Guarantee § 6.10(c), ECF No. 29-1. The Guarantee further provides that any notice, request, or demand upon CAB shall be given by email. Id. § 6.2. Beep alleges that BTI defaulted on its obligations under the Alliance Agreement and that CAB has failed to repay Beep the $30 million in accordance with the terms of the Guarantee. Compl. ¶¶ 127-28.

On September 15, 2025, Beep filed this action asserting breach of contract claims against the defendants. See ECF No. 1. On September 18, 2025, Beep served CAB by UPS Worldwide Express and by email. See ECF No. 15. On September 23, 2025, Beep served BTI personally by delivering a copy of the summons and complaint upon an individual allegedly authorized to receive service of process on behalf of BTI. See ECF No. 16. The parties then entered into an agreement whereby the defendants would move to dismiss Beep's complaint for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5) before answering or moving to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See ECF No. 19. Before the defendants filed their Rule 12(b)(5) motion, Beep filed an affidavit of service showing that, on October 22, 2025, BTI was served in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Convention"). See ECF No. 26. Thus, the

3

parties no longer dispute that Beep properly effectuated service on BTI. See ECF No. 45, at 2.

CAB moves to dismiss for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5).[2] ECF No. 27. Beep opposes CAB's motion and, in the alternative, moves for an order pursuant to Federal Rule of Civil Procedure 4(f)(3) authorizing the service already effected on CAB nunc pro tunc. ECF No. 34.

## II.

The Court first considers CAB's motion to dismiss for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5).

## A.

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of a complaint for insufficient service of process. When a defendant moves to dismiss on this ground, "the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010). "Moreover, materials outside the pleadings may be considered without converting a motion to dismiss for insufficient service of process, under Rule 12(b)(5), into a motion for summary

---

[2] BTI initially refused to answer or otherwise respond to Beep's complaint while the issue of service on CAB was pending. See ECF Nos. 35, 45. However, the Court subsequently ordered CAB to answer or respond to the complaint by February 20, 2026. ECF No. 46.

judgment." Nesbeth v. N.Y.C. Mgmt. LLC, No. 17-cv-8650, 2019 WL 110953, at *4 (S.D.N.Y. Jan. 4, 2019).

**B.**

It is well-established that parties to a contract may agree in advance to methods of service of process distinct from those prescribed by Rule 4 of the Federal Rules of Civil Procedure. See Greystone CDE, LLC v. Santa Fe Pointe L.P., No. 07-cv-8377, 2007 WL 4230770, at *3 (S.D.N.Y. Nov. 30, 2007) (noting that such agreements "are permissible and upheld by courts in the event of litigation"); see also Reed & Martin, Inc. v. Westinghouse Elec. Corp., 439 F.2d 1268, 1276 (2d Cir. 1971) ("[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether."). In these circumstances, "[t]he parties' contractual language, and not the Federal Rules of Civil Procedure, governs what constitutes proper service." Greystone, 2007 WL 4230770, at *3.

As discussed above, Beep and CAB are parties to the Guarantee, which provides in relevant part that "each party hereby and irrevocably waives personal service . . . and consents to such service in any suit . . . brought in the United States . . . in connection with the Agreement by any means permitted by applicable Laws, including by the mailing thereof (by registered or certified mail, postage prepaid) . . . ."

5

Guarantee § 6.10(c). CAB argues that Liechtenstein law prohibits the service that Beep effected, namely service by UPS Worldwide Express and by email.[3] See Mem. of Law in Supp. of Mot. ("Br.") 4-14, ECF No. 28. Supported by its expert, CAB contends that Liechtenstein law only recognizes service of process by courts and prohibits any private means of service. See id. at 8-14; Expert Declaration of Andreas Schurti ("Schurti Decl.") ¶¶ 10-12, 13-24, ECF No. 29-4.

However, as Beep's expert, Dr. Josef Bergt, points out, the Liechtenstein law on which CAB relies deals only with requests by a foreign court, Declaration of Josef Bergt ("Bergt Decl.") ¶¶ 9-10, 11-15, ECF No. 36. This case involves no such request. According to Dr. Bergt, Liechtenstein law permits, and does not prohibit, private service. Id. Dr. Bergt's conclusion is consistent with that of other district courts to analyze service of process under Liechtenstein law. See Marks v. Alfa Grp., 615 F. Supp. 2d 375, 378 (E.D. Pa. 2009) (noting that the Liechtenstein Code of Jurisdiction "does not expressly prohibit any form of service"); Lewis v. Dimeo Constr. Co., 41 F. Supp. 3d 108, 112 (D. Mass. 2014) (same).

Because service by UPS Worldwide Express is permitted under the Guarantee and is not prohibited by Liechtenstein law, Beep

---

[3] The parties do not dispute that Liechtenstein law applies. See Br. 4-8; Mem. of Law. in Opp. to Mot. ("Opp.") 1-2, ECF No. 35.

has effectuated proper service on CAB. CAB's motion pursuant to Federal Rule of Civil Procedure 12(b)(5) is therefore **denied.**

### III.

In addition to opposing CAB's motion, Beep moves in the alternative for an order pursuant to Federal Rule of Civil Procedure 4(f)(3) authorizing the service already effected on CAB by UPS Worldwide Express and email nunc pro tunc.

### A.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), courts may direct service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." KPN B.V. v. Corcyra D.O.O., No. 08-cv-1549, 2009 WL 690119, at *1 (S.D.N.Y. Mar. 16, 2009). "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." Id. With respect to the alternative means of service that the Court may offer, "the basic inquiry is whether the method is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or the proceeding, and to afford him an adequate opportunity to be heard; and the practicalities in a given case are a factor in

7

determining whether constitutional requirements have been satisfied." Id.

**B.**

In this case, there is no question that CAB has already received notice of this action. And, as discussed above, service by UPS Worldwide Express is expressly permitted by the parties' contractual agreement and is not prohibited by Liechtenstein law. It therefore comports with Rule 4(f)(3) and constitutional due process. See Marks, 615 F. Supp. 2d at 380 (authorizing service pursuant to Rule 4(f)(3) on a Liechtenstein defendant by registered mail nunc pro tunc); Lewis, 41 F. Supp. 3d at 112-13 (same); Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd., No. 03-cv-8554, 2005 WL 1123755, at *5 (S.D.N.Y. May 11, 2005) (authorizing service on foreign defendants by international courier nunc pro tunc). And, as courts in this District have noted, "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." F.T.C. v. PCCare247 Inc., No. 12-cv-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). Both methods of service that Beep has already effectuated on CAB are therefore "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent.

8

Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). CAB's arguments to the contrary are without merit.

Beep's motion for an order authorizing alternative service by UPS Worldwide Express and email nunc pro tunc is therefore **granted.**

### CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, CAB's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) is **denied.** Beep's motion to authorize service pursuant to Federal Rule of Civil Procedure 4(f)(3) is **granted.**

The time for CAB to respond to Beep's complaint is **February 20, 2026.** The time for Beep to respond to any motion is **March 11, 2026.** The time for CAB to reply is **March 23, 2026.**

The Clerk is respectfully requested to close ECF Nos. 27 and 34.


SO ORDERED.
Dated:    New York, New York
          January 26, 2026

                              _____
                                    John G. Koeltl
                              **United States District Judge**

9