USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x

      :

BEEP, INC.,      :

      :

         Plaintiff,      :

      :      Case No. 1:25-cv-07626 (JGK) (SN)

   -against-      :

      :

      :

BENTELER TRADING INTERNATIONAL AG   :
AND CAB HOLDING GMBH,

      :

      :

         Defendants.      :

------------------------------- x

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

1.     Any person subject to this Stipulated Confidentiality and Protective Order ("Protective Order")—including without limitation the parties, their employees, representatives, agents, experts, vendors, and consultants, and all third parties providing discovery in this action—shall adhere to its terms and shall not disclose confidential material to anyone except as permitted hereunder.

2.     Counsel for any party may designate any document or information, in whole of in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or a third party in information that is proprietary, a trade secret or

1

otherwise sensitive non-public information; that is of a personal or intimate nature regarding any identified or identifiable individual; that concerns personal data relating to health, the private sphere or affiliation to a race or ethnicity or relating to administrative and criminal proceedings or sanctions; or that is subject to a contractual or other duty of confidentiality ("Confidential Information").

3.      With respect to information and documents other than deposition transcripts and exhibits, counsel may designate the information or documents as Confidential Information by stamping it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

4.      With respect to deposition transcripts and exhibits, counsel may designate such information as Confidential Information either by (a) indicating on the record during the deposition that a question calls for or exhibit contains confidential information or (b) notifying the reporter and counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated confidential. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as confidential.

5.      Counsel for any party may designate, reasonably and in good faith, Confidential Information as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."  Material is highly confidential if it contains highly sensitive information, including proprietary and competitively sensitive business information or trade secrets, the disclosure of which to the receiving party (as opposed to the receiving party's outside counsel exclusively) would create a substantial risk of significant competitive harm.  Counsel for the receiving party may not share documents or material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES

ONLY" with the receiving party or its directors, officers, or employees, including in-house counsel.

6. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

7. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

8. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and its directors, officers, or employees, including in-house counsel;

    b. The requesting party's outside counsel;

    c. Employees of such outside counsel assigned to and necessary to assist in the litigation;

    d. Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, to the extent deemed necessary by counsel;

e.  Consultants or experts assisting in the prosecution or defense of the matter, including mock jury consultants and participants in any mock jury exercise, to the extent deemed necessary by counsel;

f.  The Court and court staff (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court) and court reporting agencies and their staff who need access to Confidential Information to perform their job duties; and

g.  As to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy

9.  All documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" shall not be disclosed to any person, except those referenced in Section 8(b)-(g) above.

10. Prior to disclosing or displaying Confidential Information to any person counsel must:

a.  Inform the person of the confidential nature of the information or documents;

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.  If the person is a party's vendor, service provider, expert, or consultant, or an employee of such vendor, service provider, expert, or consultant, require each such person to sign an agreement to be bound by this Protective Order in the form attached hereto.

11.     The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated at any time, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

12.     Receiving parties must take reasonable precautions to protect protected material from loss, misuse and unauthorized access, disclosure, alteration, and destruction.  Such measures shall include:

a.   Reasonably preventing unauthorized persons from gaining access to protected material (physical access control).

b.   Reasonably preventing protected material from being used without authorization (logical access control) including, but not limited to, the use of passwords.

c.   Reasonably ensuring that persons entitled to use protected material gain access only to the material they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, protected material cannot be read, copied, modified or deleted without authorization (data access control).

d.   Reasonably ensuring that protected material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of protected material by means of data transmission facilities can be established and verified (data transfer control).

e. Reasonably ensuring the establishment of an audit trail to document whether and by whom protected material has been entered into, modified in, or removed from protected material processing systems, (entry control).

f. Reasonably ensuring that protected material are processed solely in accordance with instructions from counsel or receiving party (control of instructions).

13. If the receiving party discovers that an unauthorized person or persons has accessed or obtained the protected materials of another party, the receiving party shall: (1) provide written notice to producing party of such breach within ten (10) business days of receiving party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide producing party with assurance reasonably satisfactory to producing party that such breach shall not recur; and (3) provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach including, but not limited to, the nature of the compromise, the timing of the compromise, the documents compromised, the nature of the unauthorized party, and the data security in place at the time of the compromise. If required by any judicial or governmental request, requirement or order to disclose such information, the receiving party shall take all reasonable steps to give the producing party sufficient prior notice in order to contest such request, requirement or order through legal means. The receiving party agrees to provide reasonable cooperation to the producing party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment. If the unauthorized access or disclosure of the protected material requires notice to individuals, organizations or regulators under applicable

law, then the receiving party shall follow the reasonable instructions of the producing party regarding such notice at their own cost.

14.    If a party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed documents designated Confidential or Highly Confidential information in any circumstance not authorized under this Protective Order, that party must within three (3) business days of learning of such disclosure (a) notify the producing party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Protective Order, and (e) request that each such person execute the certification contained in Exhibit A to this Protective Order.  Nothing contained herein shall limit the right of the producing party to seek relief against the party responsible for such disclosure.  Further, nothing in this Protective Order shall restrict in any way a producing party's use or disclosure of its own protected material.

15.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  This provision is

intended to allow the maximum protections allowed under Federal Rule of Evidence 502(d).  The

provisions of Federal Rule of Evidence 502(b) do not apply.

    a.  Any producing party may request, in writing, the return of any disclosed protected material by identifying it and stating the basis for withholding such protected material or information from production.  The producing party must also provide a privilege log explaining the basis for the assertion of the privilege within seven (7) business days of asserting a clawback.

    b.  If a producing party requests the return of such disclosed protected material then in the custody of one or more parties, the receiving parties shall—unless it contests the claim of attorney-client privilege or work product protection—within five (5) business days of receipt of written notice: (i) conduct a reasonable search and inquiry to identify all copies of disclosed protected material including inclusion of disclosed protected material in work product, (ii) destroy or return to the producing party the disclosed protected material and all copies thereof, and (iii) provide a certification of counsel that all of the disclosed protected material has been returned or destroyed.

    c.  If the producing party requests the return of such disclosed protected material then in the custody of one or more parties, and the receiving parties contest the clawback, they shall notify the producing party that it wishes to challenge the claim of privilege or work product protection and has sequestered the protected material until the issue can be resolved.  The substance of the document shall not be reviewed once the producing party notifies the receiving parties of the clawback.  However, the contesting receiving parties may continue to view the

available metadata.  The parties agree to meet and confer regarding the claim of privilege.  If, at the conclusion of the meet and confer process, the parties are still not in agreement, they may bring the issue to the Court.

d.  Without waiving the ability to challenge a clawback, a party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party.

16.      Absent the prior written consent of the producing party or an order of the Court, no receiving party shall upload, submit, disclose, quote, feed, or otherwise provide any protected information to any artificial intelligence, machine learning, language model, generative text, or similar technology or service (collectively, "AI Tool") unless that AI Tool: (i)  is an enterprise-grade platform that the receiving party (or its counsel) has licensed; (ii) is subject to a binding written agreement that (1) requires the provider to keep all user-supplied data strictly confidential, and (2) expressly prohibits the provider from using such data for training, fine-tuning, product improvement, or any purpose other than providing the contracted-for services; and (iii) employs technical and organizational security measures reasonably designed to prevent any unauthorized access, disclosure, or use of protected information.  The obligations and restrictions of this paragraph apply even where the data or the protected information has been anonymized.

17.      At the conclusion of the litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

18.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

19.    The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

SO STIPULATED AND SO AGREED

*/s/ Michael D. Hynes*                                              Dated: April 2, 2026
Michael D. Hynes
Marc A. Silverman
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
(212) 335-4500
michael.hynes@us.dlapiper.com
marc.silverman@us.dlapiper.com

*Attorneys for Plaintiff Beep, Inc.*

*/s/ John Robinson*                                              Dated: April 2, 2026
John Robinson (*pro hac vice*)

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated:  April 6, 2026
         New York, New York

john.robinson@kirkland.com

*Attorney for Defendants Benteler Trading*
*International AG and CAB Holding GmbH*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – –  x

BEEP, INC.,

                    Plaintiff,

    -against-

BENTELER TRADING INTERNATIONAL AG
AND CAB HOLDING GMBH,

                  Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – –  x

Case No. 1:25-cv-07626 (JGK) (SN)

Hon. J. John Koeltl

**Agreement to Abide by Confidentiality Order**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person in accordance with the Protective Order issued in this action. I further agree not to use any such information for any purpose other than this litigation.

I hereby submit to the jurisdiction of this Court in matters relating to the Protective Order and acknowledge that a violation of the Protective Order may result in penalties for contempt of court.

Signature: _____

Print Name: _____

Date: _____